IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Donnie Collins (09305-087), | ) |
| Petitioner, | ) |
| | ) Case No. 21 C 50193 |
| v. | ) |
| | ) Hon. Iain D. Johnston |
| A. Ciolli, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Donnie Collins, a federal prisoner at USP Canaan,[1] brings this *pro se* habeas corpus action under 28 U.S.C. § 2241 challenging his 2014 conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g). *See United States v. Collins*, No. 3:13-CR-44 (N.D.W. Va.). He contends that he is actually innocent of this offense under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Dkt. 1.) For the following reasons, this Court denies the petition.

## BACKGROUND

In 2013, in a written plea agreement, Collins pled guilty pursuant to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[2] *United States v. Collins*, 583 F. App'x 234, 234 (4th Cir. 2014) (per curiam). He was sentenced as an armed career criminal to 188 months in prison. *Id.* Following conclusion of Collins' criminal case, direct appeal, and 28 U.S.C. § 2255 proceedings, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191

---

[1] Collins commenced this action while incarcerated at USP Thomson, a prison located in the Northern District of Illinois. (Dkt. 1.) Although he was relocated to USP Canaan in Pennsylvania, his transfer does not impact the Court's jurisdiction to resolve this case. *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021).

[2] Collins' plea agreement did not include a waiver of his appellate or collateral attack rights. (Dkt. 17-1, p. 29-34.)

(2019), and held that, in felon-in-possession cases, the government "must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021) (citing *Rehaif*, 139 S. Ct. at 2199-2200) (emphasis omitted). Collins challenges his conviction under *Rehaif*. (Dkt. 1, p. 2, 6.) He also challenges, in a pleading filed in this Court after his § 2241 petition was fully briefed, computation of his sentence under Sentencing Guideline § 2K2.1(a)(2). (Dkt. 20.)

### *Collins' Plea Hearing*

At the time of Collins' guilty plea, knowledge of one's felon status was not a required element of a § 922(g)(1) offense under Fourth Circuit precedent. *See United States v. Langley*, 62 F.3d 602, 604-07 (4th Cir. 1995) (per curiam). Therefore, Collins was not informed of this element at his plea hearing. *United States v. Collins*, No. 3:13 CR 44 (N.D.W. Va.) (Dkt. 57, p. 11.) Nevertheless, Collins confirmed his understanding of § 922(g)(1)'s other elements, including that the government would be required to prove: (1) he had previously been convicted of "a crime punishable by a term of imprisonment exceeding one year"; (2) that he knowingly possessed, transported, shipped, or received a firearm; and (3) that possession of that firearm affected interstate commerce. *Id.* at 11-12.

During the plea hearing, the Government called ATF Special Agent Donald Lockhart to present the factual basis for the guilty plea. *Id.* at 16-17. Lockhart testified that, based on his research of the defendant's criminal history, Collins had multiple criminal convictions from the state of Maryland that carried penalties of imprisonment for longer than one year. *Id.* at 18. Collins did not raise any objection to this testimony and declined to cross-examine the witness. *Id.* at 18-19. Upon conclusion of Lockhart's testimony, Collins entered his plea of guilty. *Id.* at 19.

*Collins' Presentence Investigation Report and Sentencing Hearing*

A presentence investigation report (PSR) was prepared in advance of Collins' sentencing hearing.[3] (Dkt. 17-1.) The PSR listed multiple prior criminal convictions. *Id.* at 10-16. Among these convictions included three controlled dangerous substance (CDS) crimes in violation of Maryland law. *Id.* at 12.

The first of Collins' CDS offenses was "CDS – Manufacture/Distribute/Dispense – Narcotic," involving cocaine on May 13, 2004. *Id.*; *see also Collins v. United States*, No. 3:13 CR 44, 2016 WL 6088411, at *6 (N.D.W. Va. July 11, 2016). The second was "CDS – Manufacture/Distribute/Dispense – Narcotic," involving heroin on June 18, 2004. (Dkt. 17-1, p. 12); *Collins*, 2016 WL 6088411, at *6. Collins pled guilty to both offenses on October 20, 2004, and was sentenced to five years' imprisonment, with three years suspended, and three years of supervised probation. (Dkt. 17-1, p. 12.) His probation was revoked on June 27, 2007, and his three-year suspended sentence was reimposed. *Id.* The third CDS offense was for "Attempt – CDS Manufacture/Distribute – Narcotic," involving heroin on September 6, 2006. *Id.* at 13; *Collins*, 2016 WL 6088411, at *6. Collins pled guilty to this offense on April 27, 2007, and was sentenced to one year in prison. (Dkt. 17-1, p. 13.)

The PSR calculated a total offense level of 31 with a criminal history category of VI for Collins. (Dkt. 17-1, p. 10, 16.) His three Maryland CDS convictions qualified as "serious drug offenses" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), thus making Collins subject to the ACCA's 15-year mandatory minimum sentence as a career offender. *Id.* at 12-14, 26. His Guidelines' sentencing range was 188 to 235 months. *Id.* at 26.

---

3  The 2013 Sentencing Guidelines Manual was used in Collins' case. (Dkt. 17-1, p. 9.)

Collins objected to the PSR's finding that he qualified as a career offender. (Dkt. 17-1, p. 37-39.) He argued that his two Maryland CDS offenses, to which he pled guilty on October 20, 2004, constituted only one conviction for one distribution charge, thereby making him "one conviction short of qualifying as an armed career criminal." *Id.* at 38. Collins did not otherwise challenge his prior Maryland convictions, nor raised any other objections to the PSR. *Id.* at 37-39.

The sentencing hearing was continued to allow further investigation on Collins' objection and whether his two 2004 CDS crimes constituted one conviction or two. *Collins*, No. 3:13 CR 33 (N.D.W. Va.) (Dkt. 45.) After hearing argument from the attorneys at the next hearing, the sentencing court ruled against Collins, finding he had the requisite number of convictions to be an armed career criminal. *Collins*, 2016 WL 6088411, at *3. The court adopted the findings of the PSR, and Collins did not raise any further objection to these findings. *Id.* He was sentenced to 188 months' imprisonment. *Collins*, No. 3:13 CR 33 (N.D.W. Va.) (Dkt. 49.)

### ***Collins' Direct Appeal and Collateral Proceedings***

Collins appealed his conviction, arguing that he was improperly found to be an armed career criminal and that his sentence was unreasonable. *Collins*, 583 F. App'x at 234. The Fourth Circuit affirmed. *Id.*

Collins then filed a motion under 28 U.S.C. § 2255. *Collins*, No. 3:13 CR 33 (N.D.W. Va.) (Dkt. 68.) His § 2255 motion made three arguments: (1) he did not qualify for an ACCA-enhanced sentence; (2) he was denied effective assistance of counsel during plea negotiations and at sentencing; and (3) his plea was not knowingly and intelligently made. *Id.* He later supplemented his § 2255 motion to include a claim for relief under *Johnson v. United States*, 576 U.S. 591 (2015) (holding unconstitutional the residual clause under the ACCA). *Collins*, No. 3:13 CR 33 (N.D.W.

Va.) (Dkt. 84.) The West Virginia federal court denied his involuntary plea claim as procedurally barred and denied his remaining claims on the merits. *Collins v. United States*, No. 3:13 CR 44, 2016 WL 6088411, (N.D.W. Va. July 11, 2016), *report and recommendation adopted,* No. 3:13 CR 44, 2016 WL 6085895 (N.D.W. Va. Oct. 18, 2016). Collins did not appeal.

### *Collins' § 2241 Petition*

Collins now seeks to invoke 28 U.S.C. § 2255(e)'s savings clause to obtain federal habeas corpus relief under 28 U.S.C. § 2241. (Dkt. 1.) He argues the Supreme Court's decision in *Rehaif* entitles him to relief for two reasons: (1) he is actually innocent of the felon-in-possession offense as he did not know he belonged to a category of persons prohibited from possessing a firearm; and (2) the absence of *Rehaif*'s knowledge-of-status requirement in his indictment and guilty plea constitutes structural error and requires automatic reversal of his conviction. (Dkt. 1-1, p. 3) (Collins' Supporting Memorandum of Law); (Dkt. 14, p. 3-5) (Collins' Supplement of Facts and Law in Support of his § 2241 Petition).

Following the completion of the parties' briefing, Collins submitted "new evidence" based on "new intervening change of law" in support of his § 2241 petition. (Dkt. 20.) He claims that it was error to apply Guideline § 2K1.2(a)(2) as his base offense level because Virginia's narcotics statute, Va. Code Ann. § 18.2-250, is categorically overbroad and does not qualify as a controlled substance offense under this provision.[4] *Id.* at 1-2.

For the reasons below, Collins cannot properly invoke § 2255(e), and so his § 2241 petition cannot proceed.

---

4 Section 2K1.2(a) is the applicable Guideline provision for felon-in-possession offenses under 18 U.S.C. § 922(g)(1). *See* U.S.S.G. § 2K1.2(a). Applying Guideline § 2K1.2(a)(2) to Collins' case, the PSR determined his base offense level was 24, because he had "committed the instant offense subsequent to sustaining at least two felony convictions for a controlled substance offense.". (Dkt. 17-1, p. 9.)

5

## ANALYSIS

### A. Collins Cannot Satisfy § 2255(e)'s Savings Clause to Bring a § 2241 Petition

"As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (citing *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014)). Under § 2255, federal prisoners are limited to only one motion and cannot bring a second motion unless they can satisfy the requirements of 28 U.S.C. § 2255(h). Section 2255(h) limits second or successive motions to claims of newly discovered evidence sufficient to establish actual innocence and new, retroactive rules of constitutional law that were previously unavailable. § 2255(h)(1)-(2). New rules of retroactive statutory law, however, fall outside the ambit of § 2255(h). *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022); *Purkey v. United States*, 964 F.3d 603, 611, 615 (7th Cir. 2020).

If a prisoner cannot satisfy § 2255(h)'s gatekeeping provisions, a narrow alternative path to relief may be available under § 2255(e) (the "so-called 'savings clause'"). *Santiago v. Streeval*, 36 F.4th 700, 705 (7th Cir. 2022). Section 2255(e) allows a prisoner to seek habeas corpus relief under § 2241 in his district of confinement if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Id.* at 705-06 (citing § 2255(e)). The circuits are split on the availability of § 2255(e)'s savings clause to allow a federal prisoner to bring a § 2241 petition to challenge his conviction.[5] *Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021), *cert granted*, No. 21-857,

---

[5] In his response, Respondent takes the position of the Eleventh and Tenth Circuits, which hold that § 2241 relief is unavailable for statutory claims like Collins' *Rehaif* claim. (Dkt. 16, p. 16-20); *see also McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1099-1100 (11th Cir. 2017) ("A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim."); *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). The Supreme Court has since heard oral argument on § 2255(e)'s availability, but has not yet issued its decision. This Court, however, need not hold resolution of this case because, as explained above, Collins' claim satisfies neither the Seventh Circuit's nor the Fourth Circuit's savings-clause standards; nor does he satisfy, for the reasons stated by Respondent, the Eleventh and Tenth Circuits' standard.

6

142 S. Ct. 2706 (May 16, 2022). And, as Respondent notes, there are unresolved choice of law issues in this area of law, such as whether the law of the circuit of confinement or the law of the circuit of conviction (for Collins, the Fourth Circuit) applies to resolve a § 2241 petition brought via § 2255(e). (Dkt. 16, p. 8, 15-16) (citing *Chazen*, 938 F.3d at 860); *see also Chazen*, 938 F.3d at 864-66 (Barrett, J., concurring). This Court, however, need not ponder the choice-of-law question further, as Collins cannot obtain § 2241 relief on his *Rehaif* claim under either Seventh Circuit or Fourth Circuit precedent.

1. **Collins Cannot Satisfy the Seventh Circuit's *Davenport* Test**

The Seventh Circuit views § 2255(e) as a means to resolve the "glitch" of § 2255(h)(2) only applying to constitutional claims by allowing statutory claims to proceed in a § 2241 proceeding. *Brown v. Caraway*, 719 F.3d 583, 587 n.1 (7th Cir. 2013) (citing *Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008)); *see also Chazen*, 938 F.3d at 863-64 (7th Cir. 2019) (Barrett, J., concurring). To proceed by way of § 2255(e), the prisoner must meet three requirements: (1) his petition is based on a rule of statutory law; (2) he is relying upon a retroactive decision that could not have been invoked on direct appeal or a § 2255 proceeding; and (3) the error is grave enough to be deemed a miscarriage of justice. *Light*, 761 F.3d at 812-13; *see also Mangine*, 39 F.4th at 447 (citing *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998)) ("Those familiar with our precedent will recognize these criteria as the *Davenport* factors.").

As previously stated, Collins' § 2241 petition raises two *Rehaif* arguments. One challenges the validity of his indictment and guilty plea as structural error, and the other asserts a claim of actual innocence. (Dkt. 1-1, p. 3); (Dkt. 14, p. 3-5.) Respondent concedes *Rehaif* is a retroactive case of statutory interpretation that was not previously available, and Collins therefore satisfies

7

*Davenport*'s first two criteria. (Dkt. 16, p. 10.) Collins' petition, however, fails on the third prong, as he cannot demonstrate an error that amounts to a miscarriage of justice. *See Light*, 761 F.3d at 812-13.

A miscarriage of justice occurs when there is "so fundamental a defect in [a] conviction as having been imprisoned for a nonexistent offense," *Purkey*, 964 F.3d at 612 (citing *Davenport*, 147 F.3d at 611), or where there is "a 'fundamental error equivalent to actual innocence.'" *Brown v. Rios*, 696 F.3d 638, 641 (7th Cir. 2012) (quoting *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002)). As the Seventh Circuit has explained, "actual innocence" for purposes of § 2255(e)'s savings clause is evaluated against the same standards applicable to excuse a procedural default in 28 U.S.C. §§ 2254 and 2255 proceedings. *Santiago*, 36 F.4th at 706. Thus, for Collins to establish actual innocence, he must show "that more likely than not … no reasonable juror would find him guilty beyond a reasonable doubt." *Id.* at 707 (citing *House v. Bell*, 547 U.S. 518, 538 (2006)); *see also Hellems v. Werlich*, No. 20-3327, 2022 WL 17261844, at *1 (7th Cir. June 14, 2022). Put differently, Collins "must show that no reasonable juror would find beyond a reasonable doubt that he knew" that any one of his prior Maryland CDS convictions "carried a potential sentence of more than one year in prison." *Santiago*, 36 F.4th at 707.

As to Collins' first argument challenging the validity of his indictment and guilty plea, he relies on the Fourth Circuit's decision in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). In *Gary*, the prisoner pled guilty to being a felon-in-possession before the Supreme Court decided *Rehaif* and was not informed of the knowledge-of-status element. *Gary*, 954 F.3d at 198-99. The Fourth Circuit held acceptance of the prisoner's guilty plea without informing him of one of the

8

essential elements of a § 922(g) offense constitutes structural error and vacated the prisoner's guilty plea and conviction. *Id.* at 198.

The Supreme Court, however, reversed the Fourth Circuit's *Gary* decision in *Greer v. United States*, 141 S. Ct. 2090 (2021). In *Greer*, the Supreme Court held a *Rehaif*-error in a plea colloquy is not structural; rather, a prisoner raising a forfeited *Rehaif*-error on direct appeal must satisfy the "ordinary plain-error test" and show that "he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. Collins' structural error argument as to his indictment and guilty plea is therefore unavailing.

Additionally, Collins cannot meet the demanding standard to establish actual innocence. As the Supreme Court explained in *Greer*, a person who is a felon "ordinarily knows he is a felon. 'Felony status is simply not the kind of thing that one forgets.' That simple truth is not lost upon juries." *Greer*, 141 S. Ct. at 2097 (quoting *United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring in denial of reh'g en banc)); *see also Santiago*, 36 F.4th at 709 (citing *Greer* in savings clause analysis under § 2255(e)). Nor is the jurors' common sense lost upon defendants when deciding whether to plead guilty to a felon-in-possession charge. *Greer*, 141 S. Ct. at 2097 ("[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty.") (emphasis in original).

Although Collins claims he did not know he belonged to a category of persons prohibited from possessing firearms under § 922(g), he unsurprisingly offers no argument in support of this contention. And the unopposed testimony at his plea hearing and the unchallenged portions of the

9

PSR seriously undermine such an assertion. *See United States v. Maez*, 960 F.3d 949, 963 (7th Cir. 2020) (explaining courts may consider "highly reliable information outside the trial records," such as "the defendants' prior offenses and sentences served in prison, as reflected in undisputed portions of their PSRs"); *Sampson v. Williams*, No. 20 CV 510 DWD, 2022 WL 11327094, at *3 (S.D. Ill. Oct. 19, 2022) (collecting cases) (explaining courts "can and should consider certain other evidence in the record to determine whether it establishes the knowledge element set forth in *Rehaif*").

Collins made no objection to ATF Special Agent Lockhart's testimony during his plea hearing regarding his criminal history, or the fact that he had multiple convictions from the state of Maryland that were punishable by a term of imprisonment exceeding one year. *Collins*, No. 3:13 CR 44 (N.D.W. Va.) (Dkt. 57, p. 16-19.) Nor did he contest the PSR's factual findings as to his prior criminal convictions, which included two Maryland drug convictions in 2004 and a third Maryland drug conviction in 2006. (Dkt. 17-1, p. 12-13.) Although Collins challenged whether his 2004 offenses constituted two convictions for purposes of the ACCA, this argument does not help his *Rehaif* claim. *Id.* at 37-40. In fact, he conceded that he had two convictions that qualified as serious drug felonies under the ACCA. *Id.* at 38. ("…the Defendant contends that he only has two prior qualifying felony convictions…").

Additionally, each of Collins' Maryland drug convictions resulted in a sentence of one year or more. Although he received a five-year sentence with three years suspended and three years' probation for his 2004 convictions, his suspended sentence was reimposed upon the revocation of his probation. *Id.* at 12. Further, he was sentenced to a year in prison for his 2006 drug conviction. *Id.* at 13. Given his multiple convictions for which he served well over a year in custody, little

10

argument can be made that Collins did not know his felon status. *See Thigpen v. Williams,* No. 21-2438, 2021 WL 6801271, at *1 (7th Cir. Nov. 8, 2021) (quoting *United States v. Williams*, 946 F.3d 968, 974 (7th Cir. 2020) ("[A]ny § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights"); *United States v. Payne,* 964 F.3d 652, 656 (7th Cir. 2020) (finding it "highly implausible" prisoner was ignorant of his felon status where PSR showed he served 13 months in prison after his 15-month stayed sentenced was reimposed for violating probation and where he had another felony that resulted in a one year term of imprisonment).

In sum, Collins has not presented any evidence to show he did not know he was a felon to establish he is actually innocent of being a felon-in-possession under *Rehaif*, nor does the record suggest that such an argument could be made. Given his history of criminal convictions, which he does not contest, it is implausible that Collins did not know he was a convicted felon when he possessed the firearm that led to his § 922(g) conviction. Therefore, he cannot show that omission of *Rehaif*'s knowledge-of-status element from his indictment or plea colloquy resulted in him being convicted of a nonexistent offense, or of a crime for which he is actually innocent. *See Sampson*, 2022 WL 11327094, at *4. Because he cannot establish *Davenport*'s miscarriage-of-justice requirement, he cannot invoke § 2255(e)'s savings clause to obtain habeas corpus review of his *Rehaif* claim.

### 2. Collins Cannot Satisfy the Fourth Circuit's *Jones* Test

Collins' *Rehaif* claim also fails under the savings clause test applicable in the Fourth Circuit, Collins' circuit of conviction. In the Fourth Circuit, when a prisoner seeks to invoke § 2255(e)'s savings clause to challenge the validity of his conviction, he must meet three

requirements: "(1) at the time of conviction, settled law of [the Fourth] circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Here, too, Respondent concedes Collins satisfies *Jones*' first and third requirements. (Dkt. 16, p. 10.) Respondent argues, however, that Collins cannot show he was convicted of a nonexistent crime (i.e., cannot show actual innocence), and thus argues his claim fails on *Jones*' second prong. *Id.* at 15-16.

District courts in the Fourth Circuit have repeatedly rejected post-*Rehaif* § 2241 petitions filed by individuals with pre-*Rehaif* § 922(g) convictions on the ground that "*Rehaif* did not change the substantive law as required by the second element of *Jones*." *Hubbard v. Brown*, No. 5:22 CV 196, 2022 WL 16942252, at *4 (N.D.W. Va. Oct. 19, 2022). "This is so because the conduct for which petitioner was convicted is still illegal." *Thompson v. Hudgins*, No. 5:20 CV 78, 2021 WL 856736, at *4 (N.D.W. Va. Mar. 8, 2021) (collecting cases); *see also Minor v. Adams*, No. 1:19 CV 222, 2020 WL 2487313, at *3 (N.D.W. Va. May 14, 2020); *Swindle v. Hudgins*, No. 5:19 CV 300, 2020 WL 469660, at *2 (N.D.W. Va. Jan. 29, 2020); *Taylor v. Huggins*, No. 5:19 CV 291, 2019 WL 6481799, at *3 (N.D.W. Va. Nov. 5, 2019). As one court explained:

> Possession of a firearm after having been convicted of a felony remains a crime after *Rehaif* albeit with an additional element of proof … And the additional element recognized in *Rehaif* – that the defendant knew he was a felon – is easily proven in most cases, particularly where, as here, the defendant had been convicted of multiple felony offenses.

12

*Pleasant v. Streeval*, No. 7:20 CV 00233, 2022 WL 212704, at *2 (W.D. Va. Jan. 24, 2022) (citations omitted).

Thus, for the same reasons Collins cannot satisfy *Davenport*'s third prong, he cannot satisfy *Jones*' second prong. Collins has an extensive criminal history with multiple felony drug convictions for which he served more than a year in prison. He objected to neither ATF Special Agent Lockhart's testimony at the plea hearing regarding his criminal history, nor the findings in the PSR. Collins cannot establish that substantive law changed such that the conduct of which he was convicted is no longer criminal, and therefore cannot bring a § 2241 petition under the Fourth Circuit's savings clause jurisprudence. *See Pleasant*, 2022 WL 212704, at *3.

In sum, Collins cannot satisfy § 2255(e)'s savings clause to bring his *Rehaif*-based claims in a § 2241 petition for habeas corpus relief.[6]

**B.     Collins' Claim Regarding Application of Guideline § 2K1.2(a)**

After his § 2241 petition was fully briefed, Collins submitted an additional pleading titled "Petitioner is Submitting New Intervening Change of Law." (Dkt. 20.) The pleading raises a new argument based on Virginia Code § 18.2-250. *Id.* at 1-3. Specifically, Collins argues Virginia's narcotics statute criminalizing possession of controlled substances is "overbroad" because Virginia's drug schedules "contain at least 52 substances not found on [the] federal [drug]

---

6 In his reply brief, Collins raises additional arguments in support of his actual innocence claim that appear to challenge other § 922(g) elements beyond the knowledge-of-status requirement, as well as the sentencing court's ruling that his 2004 Maryland drug offenses counted as two convictions, qualifying him as a career offender. (Dkt. 18, p. 5-7.) A prisoner cannot relitigate matters that were resolved (or could have been raised) on his direct appeal or § 2255 proceeding in a § 2241 motion unless the law changed after those proceedings. *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). The Fourth Circuit rejected Collins' ACCA challenge on direct appeal. *Collins*, 583 F. App'x at 234. As to § 922(g)'s other elements, this argument does not depend on *Rehaif* and could have been raised on direct appeal or in a § 2255 motion. These additional arguments thus do not affect the Court's savings clause analysis.

13

schedules." *Id.* at 2.[7] He challenges his sentence computation based on this categorical mismatch, claiming his Virginia conviction for violating § 18.2-250 does not qualify as a controlled substance offense under Guideline § 2K2.1(a)(2). *Id.* at 1-2.

The Court construes Collins' "intervening change of law" pleading as an attempt to amend his § 2241 petition to include an additional claim regarding application of Guideline § 2K2.1(a)(2). Collins submitted this argument after his petition was fully briefed and ready for ruling. He thus cannot amend his original petition as a matter of right. *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a)(2). Further, the Court declines to grant him leave to amend because, as explained below, to do so would be futile. *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a)(2); *see also Thomas v. Dart*, 39 F.4th 835, 840-41 (7th Cir. 2022) (explaining district courts have "'broad discretion' to deny leave to amend, such as where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies; where undue prejudice to the defendants would result; or where amendment would be futile").

The PSR applied Guideline § 2K2.1(a)(2) in Collins' case because he violated § 922(g) "subsequent to sustaining at least two felony convictions for a controlled substance offense." (Dkt. 17-1, p. 9.) Collins' qualifying controlled substance offenses included two separate Maryland convictions for CDS – Manufacture/Distribute/Dispense – Narcotic, and a separate Maryland conviction for Attempt – CDS Manufacture/Distribute – Narcotic. (Dkt. 17-1, p. 7, 12-14.) The

---

7 Although Collins does not cite any case law in support of his claim, his assertion mirrors, at least in part, Judge Thacker's dissent in *Bah v. Barr*, 950 F.3d 203, 213 (4th Cir. 2020) (Thacker, J., dissenting) ("Petitioner provided an expert's affidavit concluding that Virginia's drug schedules contain at least 52 substances not found on federal schedules, including 42 substances on Virginia's Schedule I alone…"). *Bah*, however, was decided well before Collins filed his § 2241 petition. It is thus unclear why Collins labels his pleading "new intervening change of law" when it appears he could have readily asserted this claim in his initial § 2241 petition.

PSR did not identify any Virginia convictions as qualifying controlled substance offenses for purposes of § 2K2.1(a)(2), nor does his criminal history list any prior criminal convictions from the state of Virginia. (Dkt. 17-1, p. 10-16) (listing convictions only from the state of West Virginia and the state of Maryland). Thus, there is no basis for Collins to obtain relief on a claim predicated on a statute that had no part in his case. *See Thomas*, 39 F.4th at 841 ("Amendment is futile when it seeks to add a new claim that does not allege a viable theory of liability.") Collins is denied leave to amend his § 2241 petition to include this claim.[8]

C.   **Collins' Request for Counsel and an Evidentiary Hearing**

Finally, Collins argues he is entitled to the appointment of counsel and an evidentiary hearing. (Dkt. 19, p. 9-10.) The Court denies both requests.

Counsel is provided in a habeas corpus proceeding when an evidentiary hearing is needed or if the interests of justice require. *See* 18 U.S.C. § 3006A(a)(2)(B); *Martel v. Clair*, 565 U.S. 648, 659 (2012). Appointment of counsel is appropriate where, "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side." *Moreland v. Eplett*, 18 F.4th 261, 272 (7th Cir. 2021) (internal quotation marks and citations omitted) (alterations in original). Collins' § 2241 petition presents a straightforward *Rehaif*-claim, and he has competently argued this claim in his pleadings and supporting legal

---

8 There may exist a "categorical-type" argument as it relates to Collins' Maryland attempt conviction. *See United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022); *United States v. Ryles*, No. 20-4513, 2022 WL 2167615 (4th Cir. June 16, 2022). Collins does not present such a claim to this Court (he relies only on the categorical mismatch between Virginia's drug schedules and the federal drug schedules), and it will not be considered further. Should Collins find a *Campbell*-based argument applies to his case, he must raise the claim in a new § 2241 petition and file it in the district of confinement, which is currently the Middle District of Pennsylvania.

memoranda. It is clear from the record that Collins cannot establish that he is actually innocent of being a felon-in-possession, and thus is not entitled to § 2241 relief. Appointment of counsel is not necessary to further develop the record on this claim.

Nor is an evidentiary hearing needed. In a § 2241 action, an evidentiary hearing is not necessary "if the files and records of the case conclusively show that the prisoner is entitled to no relief." *Santiago*, 26 F.4th at 711 (internal quotation marks and citation omitted). Collins argues an evidentiary hearing is needed to further expand the record, but has not stated how; nor has he identified any ambiguities in the record. *See id.* at 712. His uncorroborated denial of his knowledge of status is insufficient to meet this standard. *See id.* Rather, the record demonstrates that he is not entitled to relief and, for the reasons discussed above, his § 2241 petition is denied.

## NOTICE OF APPEAL RIGHTS

Collins is advised that this is a final decision ending his case in this Court. If Collins wishes to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B). Collins need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Collins wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion

cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## CONCLUSION

Collins' petition (Dkt. 1) is denied. Any other pending motions are denied as moot. The Clerk is instructed to: (1) update Collins' address to reflect the name of his facility is USP Canaan; and (2) enter a Rule 58 judgment in favor of Respondent and against Petitioner. Civil Case Terminated.

ENTERED:

Date: December 14, 2022

_____
IAIN D. JOHNSTON
United States District Judge